CIVIL DOCKET No._____

*FILED*
*CLERKS OFFICE*
*2005 MAR 14 P 2:04*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

UNITED STAETS DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

_____

## 05 10499 NG

APARICIO GUTIERREZ-SANCHEZ,              PETITIONER,

V.    MAGISTRATE JUDGE _____

UNITED STATES OF AMERICA,              RESPONDENT.

_____

PETITION FOR WRIT OF HABEAS CORPUS

PURSUANT TO 28 U.S.C. §§ 2255

MOTION TO CORRECT OR VACATE SENTENCE

_____

**PETITION**

_____

RESPECTFULLY SUBMITTED,

DATED: MARCH 1-2005

_____
APARICIO GUTIERREZ-SANCHEZ, PRO-SE
FEDERAL REGISTER NO 23512-038
FORT DIX FEDERAL CORRECTIONAL CENTER
POST OFFICE BOX 2000
FORT DIX, NEW JERSEY    08640

AO 243
(REV. 6/82)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |  |
|---|---|---|
| Name of Movant<br>APARICIO GUTIERREZ-SANCHEZ | Prisoner No.<br>23512-038 | Docket No.<br>Docket 1:02-CR-10335NG |
| Place of Confinement<br>FORT DIX FEDERAL CORRECTIONAL CENTER POST OFFICE BOX 2000<br>FORT DIX, New Jersey  08640 |  |  |

(include name upon which convicted)

UNITED STATES OF AMERICA          V. APARICIO GUTIERREZ-SANCHEZ

(full name of movant)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _____

The United States District Court For The District Of Massachusetts

2. Date of judgment of conviction ___ June 18-2004

3. Length of sentence_____ 188 Months

4. Nature of offense involved (all counts) ___ Count I, 21 USC §§ 846, Conspiracy

to Distribute and to Possess with Intent to Distribute and to

to possess with Intent to Distribute, Heroin, Cocaine, and

3, 4 Mehtlene-dioxymethamphetamine.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒☒  Enter a Plea Of Guilty To Count I,
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Entered a Plea Of Guilty to Count I, there wasn't any

other Counts in The Indictment!

6. Kind of trial: (Check one)
   (a) Jury ☐
   (b) Judge only ☐   Not Applicable, Entered a Plea Of Guilty!

7. Did you testify at the trial?
   Yes ☐ No ☐          Not applicable, Entered a Plea Of Guilty!

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒☒          Did not Appeal!

(2)

AO 243
REV 6'82

9.  If you did appeal, answer the following:

    (a) Name of court_____Not Applicable_____

    (b) Result _____" ___ " _____

    (c) Date of result _____" ___ " _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____Not Applicable_____

       (2) Nature of proceeding ___" ___ " _____

       _____

       (3) Grounds raised_____Not Applicable_____

       _____

       _____

       _____

       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐ No ☐

       (5) Result_____Not Applicable_____

       (6) Date of result _____" ___ " _____

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____Not Applicable_____

       (2) Nature of proceeding ___" ___ " . ___ " _____

       _____

       (3) Grounds raised_____Not Applicable_____

       _____

       _____

       _____

       _____

AO 243
REV 6/82

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒☒

(5)  Result_____ Not Applicable _____

(6)  Date of result _____ "        "        " _____

(c)  As to any third petition, application or motion, give the same information:

(1)  Name of court _____ Not Applicable _____

(2)  Nature of proceeding _____ "        "        . " _____

_____

(3)  Grounds raised_____ Not Applicable _____

_____

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion? .
Yes ☐ No ☒
(5)  Result _____ Not Applicable _____
(6)  Date of Result _____ "        "        " _____

(d)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1)  First petition, etc.        Yes ☐ No ☐        Not Applicable
(2)  Second petition, etc.       Yes ☐ No ☐        Not Applicable
(3)  Third petition, etc.        Yes ☐ No ☐        Not Applicable
(e)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
Not Applicable

_____

_____

_____

12.  State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: DENIAL OF INEFFECTIVE ASSISTANCE OF COUNSELOR

A VIOLATION OF THE SIXTH AMENDMENT OF THE US CONSTITUTION:

Supporting FACTS (tell your story *briefly* without citing cases or law:

I.        WHETHER THE DETERMINATION OF THE DEFENSE-COUNSELOR'S

REPRESENTATION OF THE DEFENDANT-PETITIONER WAS SO DEFICIENT

AS TO CONSTITUTE DENIAL OF THE FEDERAL CONSTITUTIONAL RIGHT

TO EFFECTIVE ASSISTANCE OF COUNSELOR BASED ON THE SOLE FACT

THAT COUNSELOR DID NOT APPEAL THE ENHANCEMENTS AT SENTENCING,

DEFENDANT'S SENTENCING, JUNE 17-04, BLAKELY DECIDED ON JUNE 24-04"

B. Ground two:

            DEFENSE COUNSELOR'S PERFORMANCE WAS DEFICIENT, AND

SECOND, THE DEFICIENT PERFORMANCE PREJUDICED THE DEFENDANT!
Supporting FACTS (tell your story *briefly* without citing cases or law):

II.        WHETHER THE UNITED STATES SUPREME COURT'S DECISION

BLAKELY vs. WASHINGTON, __US___(June 24-2004) being decided

one week after the Defendant was sentenced, would have effected

the sentence imposed based solely on the fact that the Dicision

alone with the Direct Appeal being filed would have placed

The Defendant on Direct Review, not a collateral review!

C. Ground three:
            DEFENSE COUNSELOR HAD UNTIL THE 27TH DAY OF JUNE
2004, To File THE NOTICE OF APPEAL, TO ARGUE THE ENHANCEMENTS

FOR LEADERSHIP ROLE AND TO ARGUE ANY ENHANCEMENT!
Supporting FACTS (tell your story *briefly* without citing cases or law):

III.        WHETHER THE FAILURE OF DEFENSE COUNSELOR TO FILE

NOTICE OF APPEAL AFTER THE UNITED STATES SUPREME COURT'S

DECISION PREJUDICED THE DEFENDANT BY NOT HAVING HIS CASE

BEING REVIEWED BY THE COURT OF APPEALS ON DIRECT REVIEW

INSTEAD OF A COLLATERAL REVIEW, SPECIFICALLY, HIS SENTENCE

AO 243
REV 6/82

WOULD NOT HAVE BECOME FINAL, AND BOOKER AND FAN FAN'S

APPLICATION WOULD APPLY BASED SOLELY ON THE FACT THAT BOOKER

AND Fan Fan Supreme Court's Decision apply to cases on Direct

D. Ground four:

SPECIAL CIRCUMSTANCE WOULD JUSTIFY THAT THE PETITIONER

BE RESENTENCED WITHOUT THE ENHANCEMENTS BASED SOLELY ON INEFFECTIV

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

IV:        THERE ARE SPECIAL CIRCUMSTANCES WHICH WOULD JUSTIFY

THAT THE PETITIONER BE RESENTENCED WITHOUT ANY ENHANCEMENT

BASED SOLELY ON THE INEFFECTIVE ASSISTANCE OF COUNSELOR,

THE PETITIONER WAS PREJUDICED SIMPLE BY BEING ABLE TO

OR BETTER SAID NOT BEING ABLE TO ARGUE HIS ENHANCEMENTS

ON DIRECT REVIEW.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

DEFENSE COUNSELOR DID NOT PRESENT THE SIGNIFICANT

AND CRUCIAL ISSUES WHICH WOULD HAVE DECREASED THE PETITIONER

SENTENCE SIGNIFICANTLY!

PETITIONER IS NOT PROCEDURAL BARRED BECAUSE

COUNSELOR WAS INEFFECTIVE BY NOT FILING NOTICE OF APPEAL!

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

I HAVE NO OTHER PENDING PETITION IN COURT!

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing    ROBERT B. CARMEL-MONTES, ESQUIRE, The Carmel

ONE CENTER PLAZA SUITE 200

BOSTON, MASSACHUSETTS  02108

(b) At arraignment and plea    ROBERT B. CARMEL-MONTES, ESQUIRE

(c) At trial    NOT APPLICABLE, ENTERED A GUILTY PLEA!

(d) At sentencing    ROBERT B. CARMEL-MONTES, ESQUIRE

THE CARMEL LAW GROUP--ONE CENTER PLAZA SUITE 200

BOSTON, MASSACHUSETTS    02108

AO 243
REV 6'82

(e) On appeal  ROBERT B. CARMEL-MONTES DID NOT FILE AN APEAL!

(f) In any post-conviction proceeding  WILL FILE APPLICATION FOR APPOINTMENT OF

COUNSELOR TO REPRESENT ME ON THE PRESENT PETITION FOR WRIT OF

HABEAS CORPUS, PURSUANT TO  28 USC §§ 2255:

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

Not Applicable"

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No XX          The Indictment only has One Count, Count I:

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No XX

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

Not Applicable"

(b) Give date and length of the above sentence: _____  Not Applicable"

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No XX          Not Applicable"

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

DATED:  MARCH 1-2005          _Aparicio Gutierrez_
                              Signature of Attorney (if any)
                              APARICIO GUTIERREZ-SANCHEZ, PRO-SE
                              FEDERAL REGISTER No 23512-038
                              FORT DIX FEDERAL CORRECTIONAL CENTER
                              POST OFFICE BOX 2000
                              FORT DIX, NEW JERSEY  08640

I declare under penalty of perjury that the foregoing is true and correct. Executed on

____DATED: MARCH 1-2005____          _____
         (date)                       APARICIO GUTIERREZ-SANCHEZ, PRO-SE

         _Aparicio Gutierrez_
         Signature of Movant

         APARICIO GUTIERREZ-SANCHEZ, PRO-SE
         FEDERAL REGISTER No 23512-038
         POST OFFICE BOX 2000
         FORT DIX, NEW JERSEY  )8640

CIVIL DOCKET No. _____

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

APARICIO GUTIERREZ-SANCHEZ,                 PETITIONER,

vs:

UNITED STATES OF AMERICA,                 RESPONDENT.

PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. §§ 2255
MOTION TO CORRECT OR VACATE SENTENCE

MEMORANDUM IN SUPPORT OF PETITION FOR
FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. §§ 2255

**MEMORANDUM**

RESPECTFULLY SUBMITTED,

DATED:  MARCH 1-2005

APARICIO GUTIERREZ-SANCHEZ, Pro-Se
Federal Register No 23512-038
Fort Dix Federal Correctional Center
Post Office Box 2000
Fort Dix,  New Jersey  08640

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES............................... i

STATEMENT OF JURISDICTION.......................... 1

STATEMENT OF JURISDICTION.......................... 1

STATEMENT OF THE ISSUES........................... 1

STATEMENT OF THE CASE............................. 2

STATEMENT OF THE FACTS............................ 3

STATEMENT OF RELATED CASES........................ 5

STANDARD OF REVIEW............................... 6

SUMMARY OF ARGUMENT.............................. 6

**POINT ONE:**
THE PETITIONER WAS DENIED INEFFECTIVE ASSISTANCE
OF COUNSELOR, A VIOLATION OF THE SIXTH AMENDMENT
OF THE UNITED STATES CONSTITUTION........... 7

**POINT TWO:**
DEFENSE COUNSELOR'S PERFORMANCE WAS DEFICIENT,
AND SECOND, THE DEFICIENT PERFORMANCE PREJUDICED
THE DEFENDANT.............................. 8

**POINT THREE:**
THE FAILURE OF DEFENSE COUNSELOR TO FILE A NOTICE
OF APPEAL AFTER THE UNITED STATES SUPREME COURT'S
DECISION, BLAKELY VS: WASHINGTON, ___ U.S. ___
[June 24-2004] PREJUDICED THE DEFENDANT BY NOT
HAVING HIS CASE BEING REVIEWED BY THE COURT OF
APPEALS ON DIRECT REVIEW, INSTEAD OF A COLLATERAL
REVIEW....................................... 8

        PETITIONER'S SENTENCE WOULD NOT HAVE
        BECOME FINAL, AND BOOKER AND FANFAN'S
        APPLICATION WOULD APPLY BASED SOLELY UPON
        THE SIGNIFICANT FACT THAT BOOKER AND FANFAN'S

SUPREME COURT'S DECISION APPLY TO
CAES ON DIRECT REVIEW WHICH HAVE
NOT BECOME FINAL...................... 8

POINT FOUR
SPECIAL CIRCUMSTANCES WOULD JUSTIFY THAT THE
PETITIONER BE RESENTENCED WITHOUT ANY
ENHANCEMENT BASED SOLELY ON THE INEFFECTIVE
ASSISTANCE OF COUNSELOR..................... 9

THE PETITIONER WAS PREJUDICED SIMPLY
BY NOT BEING ABLE TO ARGUE HIS
ENHANCEMENTS ON DIRECT REVIEW........ 9

THE ENHANCEMENT[S] VIOLATED THE
PETITIONER'S FIFTH AND SIXTH
AMENDMENT RIGHTS OF THE UNITED
STATES CONSTITUTION.................. 9

POINT FIVE
THE COURT SHOULD FIND THAT THE FOUR LEVEL
ENHANCEMENT FOR LEADERSHIP ROLE WAS NOT
SUPPORTED BY AN ADMISSION BY THE DEFENDANT,
NEITHER FOUND BY A JURY..................... 9

THE COURT SHOULD FIND THAT THE
ENHANCEMENT WAS IN ERROR............. 9

CONCLUSION........................................ 10

CERTIFICATION OF SERVICE........................... 11

STATEMENT OF SUBJECT MATTER AND
DISTRICT COURT JURISDICTION

The District Court had jurisdiction over this case
pursuant to 18 U.S.C. Section 3231, which vest in The United
States District Jurisdiction over an offense against the Laws
Of The United States.

Jurisdiction is hereby invoked under Title 28 U.S.C.
Section 2255 which vests also In The United States District
Court For The District Of Massachusetts, which authorizes The
District Court to correct, change or modify a sentence which
might have been imposed in violation of the law or as a result
of an incorrect application of the United States Sentencing
Guidelines.

## STATEMENT OF THE ISSUES

1.      Whether The Petitioner was denied ineffective
assistance of Counselor, a violation of the Sixth Amendment
Of The United States Constitution.

2.      Whether the Defense Counselor's Performance
was Deficient, and second, the Deficient performance
prejudiced the Defendant.

3.      Whether the Failure of Defense Counselor

- 1 -

to file a Notice Of Appeal after the United States Supreme
Court's Decision, <u>Blakely vs: Washington,</u> ____US___[June 24-
2004] Prejudiced the defendant by not having his case being
reviewed by the Court of Appeals on Direct Review, instead
of Collateral Review.  Giving The Significant fact that
Booker and Fanfan applied to cases on Direct Review, cases
which had not become 'Final'.

        4.      Whether Special Circumstances would justify
The Petitioner be resentenced without any Enhancements based
solely on the Ineffective Assistance of Counselor.


        5.      Whether The District Court should find that
the Four Level Enhancement For Leadership Role was not
supported by an admission by the Defendant, Neither found
by a Jury.  Whether The Enhancement was in Error?


                    <u>STATEMENT OF THE CASE</u>

        Aparicio Gutierrez-Sanchez, the Petitioner herein,
appeals to This Honorable Court, The Honorable Judge, who
imposed sentence upon The Petitioner on the 17th Day Of
June, 2004, to a term of One Hundred Eighty-Eight Months,
[188] in The United States District Court For The District
Of Massachusetts after his plea of guilty to One Count of
The Criminal Indictment which was pending against him.

                        - 2 -

The Petitioner, Aparicio Guitierrez, Register No 23512-038, was represented by the Law Office of Robert B. Carmel- Montes, Esquire and at the time of the plea and sentence the government was represented by Assistant United States Attorney William D. Weinreb.  Petitioner's Counselor, Robert B. Carmel-Montes, Esquire failed to file a Notice of Appeal even after the United States Supreme Court's Decision of Blakely vs: Washington, _____US._____(June 24-2004)  becomes the cornerstone for this Petition and argument for Ineffectiveness or/and ineffective assistance of counselor.

The Petitioner files His Petition For Writ Of Habeas Corpus on the 1st Day Of March, 2005.

## STATEMENT OF THE FACTS

On August 1, 2002, a Federal Grand Jury Sitting in Boston, Massachusetts, returned a one Count indictment charging Aparacio Gutierrez-Sanchez (a/k/a "Rubio" ), with various offenses in The State of Massachusetts, The District Of Massachusetts and else where.

The Petitioner was named in Count One of The Indictment. Count one, chareged the defendant with violating Title 21, a Schedule I controlled substance, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and quantities

- 3 -

of 3, 4 methylendedioxymethamphetamine or MDMA, a schedule I
controlled substance, in violation of 21 U.S.C. §§ 841(a)(1).
All in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

The Forfeiture Allegation charged that as a result
of the offense alleged in Count 1 of the Indictment, Aparacio
Gutierrez Sanchez, shall forgeit to the United States any and all
property constituting, or derived from, any proceeds the defendant
obtained directly or indirectly, as a result of such offenses;
and/or any property used or intended to be used, in any manner
or part, to commit, or to facilitate the commission of, such
violations.  The Forfeiture Allegation further provides that
if, as a result of any act or omission of the defendants, any of
the property to be forfeitured cannot be located upon the exercise
of due diligence; has been transferred or sold to, or deposited
with, a third party; has been placed beyond the jurisdiction
of the Court; has been substantially diminished in value; or has
commingled with other property which can not be subdivided with
out difficulty; it is the intention of the United States,
pursuant to 21 USC §§ 853(p), to seek forfeiture of any other
property of the defendants up to the value of the property
to be forfeited.  All pursuant to 21 USC §§ 853.

On August 7, 2002, Aparacio Gutierrez-Sanchez was
arrested and appeared without Counselor  before U.S. Magistrate
Judge Joyce London Alexander.

- 4 -

On August 15-2005, Petitioner appeared with Counselor before Judge Joyce London Alexander for a hearing on detention. The defendant consented to voluntary detention and was remanded to the custody of the U.S. Marshals.

On March 25, 2004, The Petitioner, appeared before The Honorable Nancy Gertner and entered a plea of guilty to the one-Count Indictment.

Petitioner's Guilty Plea was accepted and sentencing was set for the 17th of June, 2004.

On the 17th Day of June, 2004, The Honorable Nancy Gertner, United States District Court Judge For The District Of Massachusetts imposed sanction and sentenced the Petitioner to a term of 188 months.

Even in light of the United States Supreme Court deciding <u>Blakely vs: Washington</u>, ____US____[June 24-2004] Attorney for the Petitioner did not file a Notice of Appeal.

No Notice of Appeals was filed by Defense Counselor.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

In addition to the prosecution of the Petitioner, Aparacio Gutierrez-Sanchez, the government prosecuted at least ten other individuals as co-defendants or co-participants of the Petitioner in relation to the acts charged against the Petitioner.

## STANDARD OF REVIEW

Petitioner, Aparacio Gutierrez-Sanchez,'s Defense
Counselor was obligated to file a Notice of Appeals and should
have objected to the enhancement of being a Leader and Organizer
USSG §§ 3B1.1(a), a four level increase if the defendant was
an organizer or a leader of a criminal activity. The Attorney
did not object and even after Blakely's decision, The Attorney
did not file a Notice of Appeals.

## SUMMARY OF ARGUMENT

Petitioner, Aparicio Gutierrez-Sanchez's sentence was
effected by The United States Supreme Court's Decision,
Blakely vs: Washington,___US___[June 24-2004] and Petitioner
was sentenced on the 17th Day of June, 2004, therefore, Defense
Counselor was legally obligated to file Notice of Appeals
For The Petitioner, since, his sentence has not become final,
and The Petitioner has been sentenced only one week before
The United States Supreme Court's Decision, which means that
The Defense Counselor was obligated to file a Notice of Appeals
which did not happen.

Petitioner is asking that The District Court
grant the Writ of Habeas Corpus For the Sole purpose of
reinstating the Petitioner's Direct Appeals, and let the
Court of Appeals For The First Circuit decide whehter the
Petitioner is entitled to any relief and should be reviewed.

- 6 -

POINT ONE

THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE
OF COUNSELOR, A VIOLATION OF THE SIXTH AMENDMENT
OF THE UNITED STATES CONSTITUTION..............

By The Mere fact and the mere fact alone that
Defense counselor did not file a Notice Of Appeals after
The Land Mark's Case Of the United States Supreme Court,
Blakely vs: Washington, ____US____ (June 24-2004) and being
that the decision was only made after the Petitioner had been
sentenced only for one week, which would have left the Defense
Counselor approximately three more days to file The Notice of
Appeals, which in essence would have placed the Petitioner on
a Direct Review Status, instead of a collateral review status.

The United States Supreme Court Cases, Booker and Fanfan,
were made retroactively to cases pending on Direct Review, this
is the significant and crucial issue.

This issue now has to be decided by The Honorable
United States District Court Judge, The Honorable Nancy Gertner,
For The District Of Massachusetts.

POINT TWO

THE DEEFENSE COUNSEL'S PERFORMANCE WAS DEFICIENT,
AND SECOND, THE DEFICIENT PERFORMANCE PREJUDICED
THE DEFENDANT-PETITIONER......................

- 7 -

Defense Counselor's failure to file Notice of appeals Prejudiced the Petitioner by the mere fact not being able to argue his enhancement before The First Circuit Court Of Appeals. The prejudice is clear and precised, the damage which was caused by the Defense Counselor not filing the Notice Of Appeals is clear, because the Petitioner is now filing with The District Court for a Collateral review instead of a direct Review remand from the Court Of Appeals For the First Circuit.


POINT THREE


THE FAILURE OF DEFENSE COUNSELOR TO FILE A NOTICE OF APPEALS AFTER THE UNITED STATES SUPREME COURT'S DECISON, BLAKELY vs: WASHINGTON, _____U.S.____ [June 24-2004] PREJUDICED THE DEFENDANT BY NOT HAVING HIS CASE REVIEWED BY THE COURT OF APPEALS ON A DIRECT REVIEW, INSTEAD OF A COLLATERAL REVIEW.........................................


The Petitioner's Sentence would not have become final, and Booker and Fanfan's Application would apply based solely upon The Significant Fact that Booker and Fanfan's Supreme Court's Decision applies to cases on Direct Review which have not become final, and not to cases on collateral review, which have become final.


- 8 -

## POINT FOUR

SPECIAL CIRCUMSTANCES WOULD JUSTIFY THAT THE
PETITIONER BE RESENTENCED WITHOUT ANY
ENHANCEMENTS BASED SOLELY ON THE INEFFECTIVE
ASSISTANCE OF COUNSELOR.

The Petitioner was prejudiced simply by not being able to argue his Enhancements on Direct Review.

The Enhancements violated the Petitioner's Fifth and Sixth Amendment Right of The United States Constiution.

## POINT FIVE

THE COURT SHOULD FIND THAT THE FOUR LEVEL ENHANCEMENT
FOR LEADERSHIP ROLE WAS NOT SUPPORTED BY AN ADMISION
BY THE DEFENDANT, NEITHER FOUND BY A JURY.......

The Court should find that the Enhancement was in Error, in Light of the United States Supreme Court's Decision on The 12th Day Of January, 2005, Booker, and Fanfan's Land Mark's Decisions which in essence changed the land scrape of the The United States Sentencing Guidelines, by declaring The U.S.S.G. Unconstitution; however, The Court, This Honorable Court should keep in Mind that The Petitioner, Aparicio Gutierres-Sanchez, did not have the opportunity to argue his enhancement in The Court of Appeals because Defense Counselor did not file a Notice Of Appeal.

- 9 -

## CONCLUSION

Petitioner, Aparicio Gutierrez-Sanchez, should be granted his Petition For Writ Of Habeas Corpus, Pursuant to 28 USC §§ 2255, based solely upon the fact that he should be given the opportunity for his issues to be addressed on a Direct Review, and in fact the enhancement for leadership role, four levels, was in violation of the Fifth Amendment Of the United States Constitution.

Petitioner should be given the Right to Appeals his Sentence, or the District Court should grant a resentencing and remove the Enhancement for Leadership Role.

Respectfully Submitted,

Dated:    March 1-2005

APARICIO GUTIERREZ-SANCHEZ, Pro-Se
Federal Register No 23512-038
Fort Dix Federal Correctional
Post Office Box 2000
Fort Dix, New Jersey 08640

## CERTIFICATION OF SERVICES

Certificaton is hereby given that on the 1st Day of March, 2005, I have served a copy of the foregoing Petition For Writ Of Habeas Corpus upon The Untied States Attorney's Office For the District Of Massachusetts, located at Boston, Massachusetts, by United States Mail.


Respectfully Submitted,


Dated:  March 1-2005          APARICIO GUTIERRES-SANCHEZ, Pro-Se

- 11 -